# In the United States District Court
# For the Southern District of Georgia
# Waycross Division

| | | |
|---|---|---|
| O'NEIL RICHARD CLUE, | * | |
| | * | |
| Petitioner, | * | CIVIL ACTION NO.: 5:21-cv-80 |
| | * | |
| v. | * | |
| | * | |
| DANIEL GREENWALT, et al., | * | |
| | * | |
| Respondents. | * | |

### ORDER

After an independent and de novo review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation. Dkt. No. 15. Respondents and Petitioner O'Neil Clue ("Clue") filed Objections to this Report and Recommendation. Dkt. Nos. 17, 18.

In their Objections, Respondents initially argued the Magistrate Judge mistakenly adopted Clue's position he was housed in a facility that previously housed inmates for the Bureau of Prisons ("BOP"). Dkt. No. 17 at 1. However, Respondents have since withdrawn that Objection. Dkt. No. 19. In their remaining Objection, Respondents assert the Magistrate Judge erred in determining there is no indication Clue's detention at the Immigration and Customs Enforcement ("ICE")

facility will conclude in the near future. Dkt. No. 17 at 2. Respondents contend this uncertainty should result in a finding of a "neutral" factor rather than one in Clue's favor. Id. The Magistrate Judge was correct in concluding this factor weighs in Clue's favor. In addition, the balance of the six factors set forth in Sopo v. U.S. Attorney General, 825 F.3d 1199 (11th Cir. 2016), vacated, 890 F.3d 952 (11th Cir. 2018), weigh in Clue's favor, as the Magistrate Judge found.[1]

Clue, for his part, does not object to the Magistrate Judge's "principal conclusion and recommendation" but does object to the Magistrate Judge: concluding the factor regarding the cause of protracted proceedings is neutral; weighing the Sopo factors evenly; and declining to decide whether the government would have the burden of persuasion in any bond hearing. Dkt. No. 18. Clue offers nothing showing the immigration proceedings have been protracted due to bad faith or dilatory motives on either party's side, and, therefore, the

---

[1] Under Sopo, a court should consider, among other things: (1) the amount of time the alien has been in detention without a bond hearing; (2) the cause of the protracted removal proceedings (i.e., whether the petitioner or the government has improperly delayed the proceedings); (3) whether it will be possible to remove the alien upon the issuance of a final order of removal; (4) whether the period of civil immigration detention exceeds the time the alien spent in prison for the crime that rendered the alien removable; (5) whether the facility at which the alien is civilly detained is meaningfully different from a penal institution; and (6) the likelihood the removal proceedings will conclude in the near future. 825 F.3d 1199, 1217-18 (11th Cir. 2016).

Magistrate Judge's finding of neutrality on this factor is not erroneous. Regarding the weighing of the factors, nothing in the Report and Recommendation suggests the Magistrate Judge gave each factor "equal weight," as Clue asserts. Rather, the Magistrate Judge gave due consideration to each factor, without giving improper attention to any one factor, and determined "[o]n balance," the factors demonstrate Clue is entitled to a bond hearing. Clue shows no error in how the Magistrate Judge weighed the factors. Finally, Clue has not shown the Magistrate Judge erred in declining to delineate the parties' burdens at a future bond hearing. On this point, Clue fails to point to any binding authority requiring the Court to delineate the parties' burdens, or, for that matter, even establishes the applicable burdens in these circumstances.[2] The immigration judge conducting the bond hearing should make any burden determination in the first instance, as the Magistrate Judge observed. Dkt. No. 15 at 13 n.7.

The Court **OVERRULES** the parties' Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court after an independent and de novo review of the record. The Court **GRANTS** Clue's 28 U.S.C. § 2241 Petition for Writ of

---

[2]  Clue cites Mathews v. Eldridge, 424 U.S. 319, 335 (1976), in support of his position on a burden, dkt. no. 18 at 3, but does not point to any cases in which courts in this Circuit have applied Mathews in the immigration context and reached the same conclusion Clue wishes for this Court to reach, id. at 4-5.

Habeas Corpus and **DIRECTS** Respondents or other ICE officials to conduct a bond hearing for Clue as soon as practicable.

    **SO ORDERED**, this ___7___ day of ___December___, 2022.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA